In re WOODWORKERS
WAREHOUSE, INC.,
Debtor.

No. 03–13655 (JBR).

United States Bankruptcy Court,
D. Delaware.

Jan. 7, 2004.

Christopher A. Ward, Dover, DE, Gian-Claudio Finizio, Steven M. Yoder, Wilmington, DE, for Debtor in Possession Woodworkers Warehouse.

Donald J. Detweiler, Saul Ewing LLP, Wilmington, DE, for Creditor Committee.

# MEMORANDUM OF DECISION ON APPLICATION TO RETAIN KRONISH LIEB WEINER & HELLMAN LLP

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court for hearing on the Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authorization to Retain Kronish Lieb Weiner & Hellman LLP as Counsel to the Debtor and Debtor in Possession [Docket # 5] (the "Application") filed as part of the Debtor's first day motions. As disclosed in the Application Kronish Lieb Weiner & Hellman LLP ("KLWH") was counsel to the Committee of Unsecured Creditors in the case styled *In re Trend–Lines, Inc.*, currently pending in the United States Bankruptcy Court for the District of Massachusetts, Chapter 11 Case No. 00–15431–CJK (the "Massachusetts Bankruptcy"). According to the Application Trend–Lines and the current debtor, Woodworkers Warehouse, Inc. (the "Debtor"), which was formed pursuant to Trend–Lines' plan of reorganization, merged shortly after confirmation of the Trend–Lines' plan.

During the initial hearing in this case, held one day after the case was commenced, the Court stated that it was not prepared to allow the Application at that time nor would it enter a so-called "bridge" order to protect KLWH in the event that its employment was ultimately denied. Subsequently the Acting United States Trustee filed an objection [Docket # 84] (the "Objection") to the Application to which the Debtor replied [Docket # 94]. The Court held a further hearing to consider the Application and associated pleadings and, after extensive oral argument, took the matter under advisement. The following day the Court issued an order denying the Application and noted that it would issue a memorandum of decision articulating the basis for the order. The Court now sets forth those reason.

## BACKGROUND

On August 11, 2000 Trend–Lines, which operated retail stores under the name "Woodworkers Warehouse," filed the Massachusetts Bankruptcy. KLWH was appointed as co-counsel to the Creditors' Committee in that case.[1] The Committee and Trend–Lines were co-proponents of a plan of reorganization that was confirmed on October 17, 2001. Pursuant to the confirmed plan, the Debtor was incorporated on October 19, 2001. On or about October 29, 2001 Trend–Lines merged with the Debtor and the Debtor, as the surviving entity, continued to operate the retail stores. Under the confirmed plan unsecured creditors received equity in the new entity and were to receive a cash dividend that was to be paid on January 15, 2002. The cash dividend has not been paid.

Almost immediately after the instant case was commenced, two unsecured creditors sought to have the case dismissed or transferred to Massachusetts because they believed that the Debtor and Trend–Lines were the same entity. The Debtor, through KLWH, vigorously opposed the

---

1. In pleadings filed in the Massachusetts Bankruptcy, KLWH described itself as "lead" counsel to the Committee.

creditors' motion and again asserted that the Debtor and Trend–Lines were not the same entity. Although KLWH represented that the Massachusetts Bankruptcy would have been closed but for the filing of a motion for a final decree, the docket reflects otherwise. The Massachusetts Bankruptcy still has matters pending before the court, including claims objections filed by the Creditors' Committee's co-counsel. Some of those pleadings are signed by the Committee's local counsel on behalf of the Committee and "Woodworkers' Warehouse, Inc., f/k/a/ Trend–Lines, Inc." KLWH did not sign any of those pleadings.[2]

At the continued hearing on the Application, the Acting United States Trustee argued that KLWH had an actual conflict of interest: KLWH will be representing the Debtor in a case in which KLWH's former client has an adverse interest. KLWH, arguing that the Debtor and Trend–Lines are separate entities, maintained there was no barrier to its employment but did not protest the middle ground position proposed by the Official Committee appointed in this bankruptcy, namely that KLWH limit its role to tasks performed to liquidate assets or to obtain cash collateral. The Committee expressly acknowledged that its position was the result of an economic decision; permitting KLWH to stay in the case as counsel, although with a limited role, would avoid the costs associated with the learning curve of new counsel.

## DISCUSSION

■■■ In *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3d Cir.1998), the Court of Appeals for the Third Circuit expressly reiterated the holding of its earlier case, *BH & P, Inc.*, 949 F.2d 1300 (3d Cir.1991), in which it articulated the general principles which this Court must apply to the facts in the instant case.

> (1) Section 327(a), as well as section 327(c), imposes a per se disqualification as trustee's counsel of any attorney who has an actual conflict of interest; (2) the district court may within its discretion—pursuant to section 327(a) and consistent with section 327(c)—disqualify an attorney who has a potential conflict of interest and (3) the district court may not disqualify an attorney on the appearance of conflict alone.

*Id.* at 476. In most instances a potential conflict should be the basis for disqualification; only if "every competent professional in a particular field is already employed by a creditor or a party in interest" or if "the possibility that the potential conflict will become actual is remote" should a court permit retention. *Id.* The boundary between an "actual" and "potential" conflict is often unclear. Whether a conflict is "actual" or "potential," however, falls within the sound discretion of the Court. *Id.*

■■■ At a minimum the retention of KLWH would create an appearance of a conflict. KLWH's retention, however, would do more; KLWH has a potential conflict and perhaps even an actual conflict. KLWH represented the co-proponent of the plan in the Massachusetts Bankruptcy; the Committee urged its constituents to vote in favor of the plan. Now that it is clear that the plan cannot be fully consummated, KLWH seeks to represent the very party that defaulted on its obligation to KLWH's former clients in a case that arises, in part, because of those defaults. Moreover KLWH's representations about the Debtor's corporate existence as an entity separate and distinct from Trend–Lines do not comport with the letter or spirit of the plan confirmed in the

---

**2.** The creditors ultimately withdrew their request to dismiss or transfer this bankruptcy.

Massachusetts Bankruptcy. Finally that the Committee advocated, and KLWH did not protest, that KLWH's role should be curtailed to avoid a potential conflict supports the conclusion that the potential for an actual conflict to materialize, if indeed one does not already exist, is hardly remote. This finding alone justifies denying KLWH's employment.

## CONCLUSION

For the reasons set forth herein, the Application has been denied.

A separate order issued on December 30, 2003 [Docket # 118].